IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| REGIONS BANK, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 3:20-cv-503-HTW-LRA |
| VICTORY PIPELINE, LLC; VICTOR P. SMITH; P.M. MCNAMES; FLORENCIO MATA, JR.; and JAMES B. FURRH, III, | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF VICTORY PIPELINE, LLC, P.M. McNAMES, FLORENCIO MATA, JR. and JAMES B. FURRH, III**

COME NOW Victory Pipeline, LLC, P.M. McNames, Florencio Mata, Jr. and James B. Furrh, III (the "**Defendants**"), by and through counsel, and file this *Answer and Affirmative Defenses* (the "**Answer**") to the *Complaint* [Dkt. No. 1] filed against them herein by Regions Bank ("**Plaintiff**"), and would show unto the court the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against the Defendants for which relief may or can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Defendants assert all defenses available to them under Fed.R.Civ.P. 8.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny all other material allegations contained in the Complaint to the extent that they are not expressly admitted hereinafter.

### ANSWER

With respect to the identically numbered paragraphs of the Complaint, Defendants respond as follows:

### Parties

1. Defendants are without sufficient information to admit or deny the allegations contained in ¶ 1 of the Complaint and therefore deny the same.

2. Defendants admit the allegations contained in ¶ 2 of the Complaint.

3. Defendants are without sufficient information to admit or deny the allegations contained in ¶ 3 of the Complaint and therefore deny the same.

4. Defendants admit the allegations contained in ¶ 4 of the Complaint.

5. Defendants deny the allegations contained in ¶ 5 of the Complaint. Defendant Mata is a resident of the State of Colorado.

6. Defendants admit the allegations contained in ¶ 6 of the Complaint.

### Jurisdiction and Venue

7. Defendants deny the allegations contained in ¶ 7 of the Complaint.

8. Defendants admit the allegations contained in ¶ 8 of the Complaint.

**Facts**

**A.     The Victory Loan.**

9.      Defendants respond to the allegations contained in ¶ 9 of the Complaint by stating that the referenced documents speak for themselves.

10.     Defendants respond to the allegations contained in ¶ 10 of the Complaint by stating that the referenced documents speak for themselves.

11.     Defendants respond to the allegations contained in ¶ 11 of the Complaint by stating that the referenced documents speak for themselves.

12.     Defendants respond to the allegations contained in ¶ 12 of the Complaint by stating that the referenced documents speak for themselves.

13.     Defendants respond to the allegations contained in ¶ 13 of the Complaint by stating that the referenced documents speak for themselves.

14.     Defendants deny the allegations contained in ¶ 14 of the Complaint as stated.

15.     Defendants respond to the allegations contained in ¶ 15 of the Complaint by stating that the referenced documents speak for themselves.

16.     Defendants are without sufficient information to admit or deny the allegations contained in ¶ 16 of the Complaint and therefore deny the same.

**B.     The Smith Loan.**

17.     The allegations contained in ¶ 17 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

18.     The allegations contained in ¶ 18 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

19. The allegations contained in ¶ 19 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

20. The allegations contained in ¶ 20 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

21. The allegations contained in ¶ 21 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

22. The allegations contained in ¶ 22 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

23. The allegations contained in ¶ 23 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

**C.    Requests for Relief.**

24. Defendants incorporate their responses to ¶¶ 1- 23 of the Complaint in response to the allegations contained in ¶ 24 of the Complaint.

25. Defendants deny the allegations contained in ¶ 25 of the Complaint.

26. The allegations contained in ¶ 26 of the Complaint are not directed at Defendants and therefore no response from any of them is called for.

Defendants deny the allegations contained in the unnumbered paragraph of the Complaint beginning with the word "WHEREFORE" and deny that Plaintiff is entitled to any relief. To the extent not otherwise admitted, Defendants deny any and all other allegations of the Complaint.

THIS the 12th day of October, 2020.

Respectfully submitted,

**VICTORY PIPELINE, LLC;**
**P.M. McNAMES, FLORENCIO MATA, JR. and**
**JAMES B. FURRH, III**


By:  */s/ Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:   (601) 510-2939
Email: dnoble@mmqnlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this the 12th day of October, 2020.


 */s/ Douglas C. Noble*