UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**Regions Bank,**
    *Plaintiff;*

v.

**Victory Pipeline, LLC,** *et al.,*
    *Defendants.*

Case No. 3:20-cv-00503-HTW-LGI

**Reply in Support of
Motion for Summary Judgment**

Plaintiff Regions Bank files this reply in support of its Motion for Summary Judgment (the "Motion," Dkt. 21), as follows:

## Reply

**A.    Regions Bank is entitled to summary judgment for the underlying indebtedness owed.**

In their response, outside of attorney's fees and expenses, Defendants do not contest the existence, validity, or amount of the underlying indebtedness that Defendants owe to Regions Bank.[1] Defendants do not even contest that they owe the indebtedness. So at the very least, Regions Bank is entitled to summary judgment for the total amount of the underlying indebtedness due, which is: $521,261.54, plus (a) interest from and after January 20, 2021, at the rate of 8% *per annum*, and (b) all costs of this action. (*See* Brief in Support of Motion at p. 5, Dkt. 22.) Nonetheless, as set forth below, Regions Bank is also entitled to summary judgment in its favor as to the attorney's fees and expenses requested in the Motion.

---

[1] Unless otherwise defined in this reply, all capitalized terms are used as defined in Regions Bank's Brief in Support of Motion for Summary Judgment, Dkt. 22.

**B.     Regions Bank is entitled to summary judgment on its request for attorney's fees and expenses without the need for a continuance or additional discovery.**

Defendants argue that (1) Regions Bank has not established the reasonableness of its attorney's fees and expenses, (2) the presumption of reasonableness under Mississippi law does not apply, and (3), alternatively, Defendants require a continuance to take discovery to determine the reasonableness of the fees and expenses requested. But as set forth below, those arguments are meritless.

First, Regions Bank has sufficiently demonstrated the reasonableness of its attorney's fees and expenses. Mississippi law applies under the Loan Documents. And under Mississippi law, a party entitled to attorney's fees and expenses by contract is not required to put on proof of the reasonableness of those fees: Instead, a party may do so, and the Court is to determine a reasonable award based on the information before the Court, as well as the Court's own opinion based on experience and observation:

> In any action in which a court is authorized to award reasonable attorneys' fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.

Miss. Code Ann. § 9-1-41; *see also Pikco Fin., Inc. v. Staten (In re Staten)*, 559 B.R. 666, 670 (Bankr. S.D. Miss. 2016) (noting that, when attorney's fees are permitted by contract, § 9-1-41 applies). Thus, under Mississippi law, this Court is permitted to render an award of attorney's fees based on the information before it *even if* Regions Bank had not put on any proof of the reasonableness of its fees.[2]

---

[2] Underscoring that point, Mississippi appellate courts have held that there is no reversible error when a

Even so, Regions Bank has indeed submitted sufficient proof of the reasonableness of its requested fees and expenses. Attached to the Motion as Exhibit "A," Regions Bank provided an attorney's fees affidavit setting out that (a) Regions Bank was required to retain counsel to protect its rights and interests; (b) Regions Bank's counsel was precluded from taking on other employment for the time spent pursuing the indebtedness owed; (c) the hourly rates charged are comparable to rates for similar services in the Jackson, Mississippi area; and (d) the total amount of fees and expenses were reasonable. (*See generally* Aff. of T. Anzenberger, Dkt. 21-6.) The affidavit further provides the background and experience of the attorneys retained. And the billing invoices setting out hourly rates and itemized time entries are included in that submission. Under Mississippi law, that submission is more than necessary for the Court to determine the reasonableness of the requested fees and in fact establishes the reasonableness of those fees. *See* Miss. Code Ann. § 9-1-41.

What is more, the presumption of reasonableness applies. Under Mississippi law, "[i]n awarding attorney's fees in a collection action, the court substitutes the lodestar amount for one-third of the indebtedness because that amount is a presumptively reasonable fee." *In re Staten*, 559 B.R. at n. 8 (citing *Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 986 (Miss. 1992)). Under that presumption, Mississippi courts "d[o] not require proof of each of th[e] factors" traditionally required to establish reasonableness. *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 54 (Miss. 1998) (citing *Dynasteel*, 611 So. 2d at 987.) Here, the fees and expenses requested

---

trial fails to cite or apply the *McKee* factors in rendering an award of attorney's fees, so long as substantial evidence exists in the record that would support an award. *Baumbach v. Baumbach*, 242 So. 3d 193, 208 (Miss. Ct. App. 2018) (Fair, J., concurring in part and dissenting in part) (citing *Varner*, 666 So. 2d 493, 498 (Miss. 1995)); *Rogers v. Rogers*, 94 So. 3d 1258, 1267-1268 (Miss. Ct. App. 2012); *Dickerson v. Dickerson*, 34 So. 3d 637, 649 (Miss. Ct. App. 2010)).

total approximately 12% of the underlying debt—well within the presumption of reasonableness. And contrary to Defendants' response, there is no authority requiring that the underlying case be taken on a contingency-fee basis or have been fully contested through a jury trial for the presumption to apply. Instead, it applies in collection cases unless the presumption is rebutted. *E.g. Staten*, 559 B.R. at n. 8; *Dynasteel*, 611 So. 2d at 987.

Defendants here, however, have failed to rebut the presumption and have failed to otherwise put forth any competent summary judgment evidence to do so under F.R.C.P. 56(e)(3). Plaintiffs have not identified any time entries they believe are unreasonable. Indeed, Plaintiffs do not even argue that the total amount of fees and expenses requested is unreasonable. Instead, Plaintiffs vaguely assert that the fees *may* be unreasonable because (1) Charles Parrott's rate increased during his representation of Regions Bank, (2) the fees of Butler Snow LLP may have been incurred for transactional purposes, and (3) some of the fees and expenses requested may have been incurred as to the separate loan extended to Defendant Victor P. Smith. But none of these questions rebut the presumption of reasonableness:

- Charles Parrott's hourly rate increased each year, as reflected in the invoices, to reflect and match those rates charged by attorneys in this region with similar experience. Between 2018 and 2020, Mr. Parrott's rate increased from $304 per hour to $555 per hour, an increase of roughly $125.50 per year. As set forth in the supporting affidavit, these constituted negotiated hourly rates for an attorney with almost 42 years' experience, which are comparable to the rates for similar services offered in the Jackson, Mississippi area. (*See* Aff. of T. Anzenberger at ¶¶ 6, 7, and 10, Dkt. 21-6.) Defendants have provided no evidence, by affidavit or otherwise, to rebut the reasonableness of these rates.

- The attorney's fees and expenses of Butler Snow LLP were incurred in connection with the Modification and Forbearance Agreement, entered into in 2015, which Modification expressly provided for the collection of any and all attorney's fees, expenses, and costs incurred by Regions Bank in connection with the modification. (*See* Modification at p. 4 § 3.4, Dkt. 21-4.) Defendants have provided no evidence, by affidavit or otherwise, to rebut the reasonableness of these fees and expenses.

- Defendants were provided the itemized invoices for all requested attorney's fees and expenses, which are virtually redaction free. To the extent Defendants wish to contest the attorney's fees and expenses sought, they had the opportunity to do just that but did not.

Last, Defendants allege they need a continuance under F.R.C.P. 56(d) to take discovery as to the reasonableness of the fees and expenses requested, suggesting that depositions of Regions Bank's counsel are necessary. But this Court has rejected similar requests. "As a general matter, depositions of opposing counsel are disfavored and should be permitted only in limited or unusual circumstances." *United States Liability Ins. Co. v. Goldin Metals, Inc.*, 2012 WL 12884472, at *1 (S.D. Miss. Jan. 17, 2012) (citing *Nguyen v. Excell Corp.*, 197 F.3d 200, 209 (5th Cir. 2000); *Buford v. Holladay*, 133 F.R.D. 487, 491 (S.D. Miss. 1990)). And such depositions are only permitted when the discovery sought cannot be obtained through other means. *Goldin*, 2012 WL 12884472, at *1. As to requests for attorney's fees, parties can easily "determine [the] reasonableness of fees through billing statements or other documentary evidence; therefore, there are other means for obtaining the information." *Id.* So where billing invoices have been provided to the other party, there is no need for additional discovery—and certainly no need to depose counsel—to determine the reasonableness of the fees. *Id.*; *see also Carl E. Woodward, LLC v. Travelers Indemnity Company of Connecticut*, 2011 WL 13127848 (S.D. Miss. Sept. 29, 2011) (same).

Moreover, vague assertions that requested fees may be unreasonable in no way warrants a continuance for additional discovery under F.R.C.P. 56(d). *AE Marketing L.L.C. v. Jenkins-Baldwin Corp.*, 2012 WL 12985447, at *6 (N.D. Tex. Oct. 19, 2012) (denying continuance sought for purposes of seeking discovery as to the reasonableness of attorney's fees). Defendants have been provided the invoices for all fees and expenses sought, which constitute the only discoverable documents and information relevant for purposes of determining the reasonableness

of the fees and expenses requested. But Defendants have failed to identify any such fees and expenses they claim to be unreasonable. Indeed, Defendants have not even contended that the total amount of fees and expenses sought is unreasonable. Accordingly, Defendants have "failed to show the reasons why it needs additional discovery to raise an issue of material fact," and Defendants' request for a continuance should be denied. (*Id.*)

## Conclusion

Defendants have failed to demonstrate the existence of any disputed material fact. Regions Bank is therefore entitled to summary judgment in its favor and against Defendants on all claims in the Complaint, as set forth in the Motion.

Dated: February 12, 2021.

**Regions Bank**

By: /s/ Timothy J. Anzenberger
Timothy J. Anzenberger (MSB No. 103854)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:    601.353.3234
Facsimile:    601.355.9708
tim.anzenberger@arlaw.com